**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RAMATU ROSELINE B.,                                    Case No. 26-CV-3347 (NEB/DLM)

        Petitioner,

v.                                                                                    TRO

Todd BLANCHE, Markwayne MULLIN,
David        VENTURELLA        David
EASTERWOOD, Samuel OLSON; Eric
KLANG, all in their official capacities,

        Respondents.

---

Petitioner has a final order of removal to Sierra Leone, but removal is statutory withheld because an immigration judge found that Petitioner's life or freedom would be threatened if she were removed. A year ago, Petitioner was released from immigration detention on an Order of Supervision. Three weeks ago, the government revoked Petitioner's order of supervision and detained Petitioner. Petitioner filed a petition for writ of habeas corpus, which challenges her detention.

In the government's response to the petition, the government explained that it plans to remove Petitioner to Ghana today. Petitioner moves for a temporary restraining order to enjoin removal.

When evaluating a motion for a temporary restraining order, the Court considers "(1) the threat of irreparable harm to the movant, (2) the balance between this harm and the injury that the injunction will inflict on other parties, (3) the probability that the movant will succeed on the merits and (4) the public interest." *Jackson v. Macalester Coll.*,

169 F. Supp. 3d 918, 921 (D. Minn. 2016) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)).

The present motion was filed late last night, and removal is planned for today, so the Court has had minimal time to evaluate Petitioner's likelihood of success. The claims Petitioner raises are complex, and the Court will need time to evaluate their merit; the status quo needs to be preserved while the Court does so.  On the Court's limited review, the Court has concerns with the government's actions, and Petitioner has shown a sufficient likelihood of success at this stage.

And the balance of the equities and public interest strongly weigh in favor of Petitioner. Removal is to occur today to a country to which Petitioner has no connection. Petitioner asserts that despite diplomatic assurances—Ghana may well send Petitioner back to her home country, where an immigration judge found that Petitioner's life and freedom would be threatened. If Petitioner were removed, the Court's ability to provide relief for any violations of the law would be significantly hampered. The harm to Petitioner outweighs any cost to the government from the temporary delay in effectuating Petitioner's removal. The Court grants the injunction relief.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      Petitioner's Motion for a Temporary Restraining Order (ECF No. 15) is GRANTED;

2.      Respondents are TEMPORARILY ENJOINED from moving Petitioner out of the United States until further notice from the Court. Although the Court does not

enjoin Respondents from transferring Petitioner within the country at this time, the Court retains jurisdiction over the case, and Respondents shall ensure that Petitioner can communicate with her attorneys as needed throughout her continued detention; and

3.    On or before August 3, 2026, Respondents may file a response to the arguments made in the motion for temporary restraining order.

Dated: July 30, 2026                                    BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge