**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RAMATU R.S.,

      Petitioner,

v.

TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; DAVID VENTURELLA, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; SAMUEL OLSON, in his official capacity as Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; ERIC KLANG, in his official capacity as Sheriff of Crow Wing County, Minnesota,

      Respondents.

Case No. 26-CV-3347 (NEB/DLM)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

---

Petitioner Ramatu R.S. is a citizen of Sierra Leone. (ECF No. 1 ("Pet.") ¶ 2; ECF No. 14 ¶ 4; ECF No. 22 ¶ 1.) In Sierra Leone, Petitioner's sister was murdered because of her sexual orientation. (Pet. ¶ 2.) Petitioner was subjected to mutilation and attacked for supporting her sister. (*Id.* ¶ 2.)

To escape persecution, Petitioner went to Ghana with her husband. (ECF No. 22 ¶ 2.) There, her husband was beaten because of his LGBT advocacy, and Petitioner and her husband were kidnapped and trafficked to Latin America. (*Id.*)

Petitioner eventually escaped, and, two years ago, Petitioner entered the United States. (Pet. ¶ 2; ECF No. 14 ¶ 4; ECF No. 22 ¶¶ 2–3.) ICE held Petitioner in custody for nearly one year, and then released her on an Order of Supervision. (Pet. ¶¶ 4, 28; ECF No. 1-3; ECF No. 14 ¶¶ 4–6; ECF No. 22 ¶ 3.) An immigration judge issued an order of removal but withheld removal, finding that Petitioner's life and freedom would be threatened if she were removed to Sierra Leone. (Pet. ¶¶ 3, 27; ECF No. 1-2; ECF No. 14 ¶ 5.)

Petitioner has complied with the conditions of her Order of Supervision. (Pet. ¶¶ 4, 28; ECF No. 22 ¶ 4.) On July 6, 2026, Petitioner appeared for a regularly scheduled ICE check-in. (Pet. ¶¶ 5, 29; ECF No. 22 ¶ 6.) ICE arrested Petitioner and issued a Form I-200, Warrant for Arrest of Alien. (ECF No. 14 ¶ 7; ECF No. 14-2.)

Petitioner asked why she was being arrested, and ICE told her that her Order of Supervision was being revoked. (ECF No. 22 ¶ 7; ECF No. 14 ¶ 7.)[1] ICE confiscated her copies of her Order of Supervision and passport, handcuffed her, and placed her in a vehicle. (Pet. ¶ 5; ECF No. 22 ¶¶ 7–8.)

---

[1] There are factual disputes over the extent to which ICE notified Petitioner of the revocation of her Order of Supervision and whether ICE provided Petitioner with an opportunity to respond to the notice. The Court would come to the same conclusion on the merits regardless of the Court's view of the factual disputes.

2

In the vehicle, an ICE agent presented a document regarding Petitioner's removal to an unspecified third country, and asked Petitioner to sign, without showing her what it said. (Pet. ¶ 30; ECF No. 22 ¶ 10.) Petitioner said she would not sign anything without reading it and without her lawyer. (Pet. ¶ 5, 30; ECF No. 22 ¶ 10.) Though the record is not clear, that document was potentially the notice of revocation of release, which would have explained that the Order of Supervision is being revoked based on a likelihood of removal. (ECF No. 14-4.) No one gave Petitioner any information or documents about the revocation of her Order of Supervision, nor was she given the opportunity to contest the revocation. (Pet. ¶ 6; ECF No. 14-4 (notice); ECF No. 22 ¶ 12.)

On July 20, Petitioner filed a Petition for Writ of Habeas Corpus. The Petition claims that Petitioner is entitled to release because Respondents arrested Petitioner without a warrant and unlawfully revoked her Order of Supervision. The Petition also requests that the Court enjoin Petitioner's removal to a third country.

On July 27, a few weeks after Petitioner's arrest, ICE issued a Form I-205, Warrant of Removal. (ECF No. 14 ¶ 10; ECF No. 14-3.) The next day, Respondents responded to the Petition. (ECF No. 12.) The response said that Respondents plan to remove Petitioner to Ghana in two days. (ECF No. 13 ¶ 8; *id.* ¶ 6 ("The Republic of Ghana provided diplomatic assurances that aliens removed from the United States . . . will not be subjected to persecution or torture in Ghana nor in any country they may be further transferred to.").) That response was the first time Petitioner learned of Respondents' plan to remove her to Ghana. (ECF No. 22 ¶ 15.)

Petitioner moved for a Temporary Restraining Order, and the Court granted the motion, enjoining removal pending the resolution of the habeas petition. (ECF Nos. 15, 20.) The Court provided Respondents the opportunity to respond to the arguments made

in the motion for TRO, but Respondents did not file anything. (ECF No. 20.) Petitioner has submitted a request before the immigration judge to stay her removal to Ghana, reopen her removal proceedings, and review the third-country designation. (ECF No 19 at 9–16.)

## ANALYSIS

### I.    Revocation of Order of Supervision

An agency must follow its own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). DHS regulations limit revocation of release to two circumstances—(1) on violation of conditions of release, 8 C.F.R. § 241.13(i)(1), or (2) "on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future," § 241.13(i)(2). The burden is with Respondents to establish a lawful basis for revoking release. *Yee S. v. Bondi*, 806 F. Supp. 3d 894, 900 (D. Minn. 2025); *Roble v. Bondi*, 803 F. Supp. 3d 766, 772 (D. Minn. 2025). Upon revocation, the noncitizen must be notified, then there will be an initial interview promptly upon return to custody to allow the noncitizen to respond to the reasons for revocation stated in the notification. 8 C.F.R. § 241.13(i)(3).

Respondents did not comply with their own regulations. At every stage—the notice, serving the notice, and the interview—Respondents made half-hearted attempts to comply with the law, but those attempts were below the minimum required by law. In violation of DHS regulations, ICE did not adequately notify Petitioner that her Order of Supervision was revoked. 8 C.F.R. § 241.13(i)(3). Respondents assert that they properly served a notice, but the notice is deficient on its face. A generic notice like the one here that "'simply recites the language of the regulation' does not satisfy the Federal Respondents' obligation to state the 'reasons' why [Petitioner's] Order of Supervision

was revoked." *Abdi v. Trump*, No. 4:25-CV-3251, 2026 WL 560130, at *3 (D. Neb. Feb. 27, 2026) (quoting 8 C.F.R. § 241.13(i)(3)). The notice precedes an opportunity to be heard, including the right to submit evidence, to ensure compliance with Due Process. Without adequate notice, the opportunity to be heard becomes meaningless. *Linh H.V. v. Mullin*, No. CV 26-2090 (JWB/SGE), 2026 WL 1231371, at *3–4 (D. Minn. Apr. 6, 2026) ("Without meaningful notice, there can be nothing to meaningfully respond to. Petitioner cannot rebut unspecified 'changed circumstances' or unidentified violations.").[2]

Because ICE failed to comply with its own regulations, Petitioner's detention is unlawful, and immediate release is warranted. *Yee S.*, 806 F. Supp. at 902; *Roble*, 803 F. Supp. 3d at 774.

## II.      Unlawful Arrest

The unlawful arrest provides another basis for immediate release. Generally, immigration officers need an administrative warrant to arrest a noncitizen. *Arizona v. United States*, 567 U.S. 387, 407 (2012). Immigration law provides for two main types of arrest warrants: Form I-200 and Form I-205. Form I-200 warrants may be used only "up to the time removal proceedings are completed." *Inti C.-L. v. Blanche*, No. 26-CV-2777 (PJS/SGE), ECF No. 10 at 3 (D. Minn. June 9, 2026) (quoting 8 C.F.R. § 236.1(b)(1)). After the completion of removal proceedings, the noncitizen "may be arrested pursuant to a Form I-205 warrant of removal (but not pursuant to a Form I-200 warrant)" *Id.* Each warrant has different prerequisites, including who is authorized to issue them. *Id.* at 3–4.

---

[2] The Court is also concerned with Petitioner's evidence that Respondents did not allow Petitioner to read the notice, and that the informal interview took place immediately and in the back of a car on the way to the detention facility. But the Court need not examine these issues because the notice on its face is deficient.

Petitioner's arrest was not pursuant to a valid warrant. Respondents justify Petitioner's arrest with a Form I-200, but Petitioner has a final order of removal, so the Form I-200 is inapplicable. The Form I-200 and I-205 "are not interchangeable," so one "cannot simply substitute" for the other. *Ahmed S. v. Blanche*, No. 26-CV-2265 (KMM/DLM), 2026 WL 1998718, at *5 n.3 (D. Minn. July 10, 2026); *see also Ger V. v. Mullin*, No. 26-CV-2543 (KMM/DTS), 2026 WL 1847044, at *3 (D. Minn. June 26, 2026). Although Petitioner was later issued a Form I-205, that was after her arrest, and a post-facto warrant does not justify an arrest. *See Makitio G. A. v. Blanche*, No. 26-cv-2200 (ECT/DLM), 2026 WL 1584457, at *4 (D. Minn. May 22, 2026) ("[I]f a removal warrant for [the noncitizen] was not procured until . . . after his . . . arrest, that means he was arrested without a warrant."), *R&R adopted*, 2026 WL 1591270 (D. Minn. June 3, 2026); *Pina C.D.B. v. Bondi*, No. 26-cv-1929 (KMM/DJF), 2026 WL 810676, at *2 (D. Minn. Mar. 24, 2026) (collecting cases).[3]

The proper remedy for warrantless arrest is release. *Jairo L. U. G. v. Mullin*, No. 26-CV-3051 (JRT/SGE), 2026 WL 1893624, at *2 (D. Minn. July 1, 2026) ("Petitioner's arrest was unlawful, and the proper remedy is to release him."); *Carlos L.V.B. v. Bondi*, No. 26-cv-898 (JWB/DJF), 2026 WL 1231286, at *3 (D. Minn. Mar. 20, 2026); *Ahmed S.*, 2026 WL 1998718, at *7; *Emily Andreina N.V. v. Blanche*, No. 26-cv-2570 (KMM/EMB), 2026 WL 2209844, at *4 (D. Minn. July 31, 2026) ("Seeking release from custody in an immigration habeas case based on an illegal arrest is not akin to a criminal defendant's claim that his unlawful arrest should prohibit the government from prosecuting him for a crime, nor is

---

[3] Respondents contend that the notice of revocation of Petitioner's supervised release justifies detention. As discussed above, the deficiencies in the vocation of supervised release also justify release.

6

it like a noncitizen's effort to prohibit the government from pursuing removal proceedings.").

## III.    Remaining Claims

Petitioner also claims that Respondents unlawfully seek to remove Petitioner to a third country without any opportunity to contest the removal. Because Petitioner is entitled to immediate release, as discussed above, the Court orders Petitioner's release while reserving the third-country removal issue. *Ahmed S.*, 2026 WL 1998718, at *7. As the Court considers the remaining claims, the parties must update the Court of all relevant developments, including developments in Petitioner's pending immigration court matters. *Id.*

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART;

2.    Respondents are ordered to release Petitioner from custody by August 10, 2026. She must be released:

   a.    Inside the State of Minnesota;

   b.    At a safe time and place communicated in advance to counsel (Martin S. Chester; 612-766-7232; martin.chester@faegredrinker.com); and

c.   With all Petitioner's personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys.

3.   Respondents shall file a status update with the Court acknowledging the release of Petitioner with her personal effects; and

4.   The parties shall promptly advise the Court of any relevant developments, including developments in Petitioner's pending immigration court matters.

Dated: August 7, 2026                              BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge