**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RAMATU R.B.,

Petitioners,

v.

TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; DAVID VENTURELLA, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; SAMUEL OLSON, in his official capacity as Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; ERIC KLANG, in his official capacity as Sheriff of Crow Wing County, Minnesota,,

Respondents.

Case No. 26-CV-3347 (NEB/DLM)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

---

Petitioner Ramatu R.B. is from Sierra Leone, and Respondents want to remove her to Ghana without giving her an opportunity to press her claim that she has a credible fear of removal to Ghana. Ramatu R.B. has been to Ghana, where she was kidnapped and trafficked, so she does not want to go back. Due process requires notice and an opportunity to be heard on her fear-based claim, so the Court grants the Petition for Writ of Habeas Corpus. (ECF No. 1.)

## BACKGROUND

Ramatu R.B. is a citizen of Sierra Leone. (ECF No. 1 ("Pet.") ¶ 2; ECF No. 14 ¶ 4; ECF No. 22 ¶ 1.) In Sierra Leone, Ramatu R.B.'s sister was murdered because of her sexual orientation. (Pet. ¶ 2.) Ramatu R.B. was subjected to mutilation and attacked for supporting her sister. (*Id.* ¶ 2.)

To escape persecution, Ramatu R.B. went to Ghana with her husband. (ECF No. 22 ¶ 2.) There, her husband was beaten because of his LGBT advocacy, and Ramatu R.B. and her husband were kidnapped and trafficked to Latin America. (*Id.*)

Ramatu R.B. eventually escaped, and, two years ago, she entered the United States. (Pet. ¶ 2; ECF No. 14 ¶ 4; ECF No. 22 ¶¶ 2–3.) ICE held Ramatu R.B. in custody for nearly one year and then released her. (Pet. ¶¶ 4, 28; ECF No. 1-3; ECF No. 14 ¶¶ 4–6; ECF No. 22 ¶ 3.) An immigration judge issued an order of removal to Sierra Leone but withheld removal, finding that Ramatu R.B.'s life and freedom would be threatened if she were removed to Sierra Leone. (Pet. ¶¶ 3, 27; ECF No. 1-2; ECF No. 14 ¶ 5.)

On July 6, 2026, ICE arrested Ramatu R.B. at her regularly scheduled ICE check-in. (Pet. ¶¶ 5, 29; ECF No. 22 ¶ 6.). An ICE agent presented a document regarding Ramatu R.B.'s removal to an unspecified third country, and asked Ramatu R.B. to sign, without showing her what it said. (Pet. ¶ 30; ECF No. 22 ¶ 10.) Ramatu R.B. said she would not sign anything without reading it and without her lawyer. (Pet. ¶ 5, 30; ECF No. 22 ¶ 10.)

Ramatu R.B. filed a Petition for Writ of Habeas Corpus seeking release and an order enjoining removal to a third country. To ensure access to counsel, the Court ordered Respondents to provide 24 hours' notice of transfer to another district. (ECF No. 4.)

Respondents' response to the Petition notified the Court and Ramatu R.B. that Respondents planned to remove Ramatu R.B. to Ghana in two days. (ECF No. 13 ¶ 8.)

Ramatu R.B. moved for a Temporary Restraining Order, and the Court granted the motion, enjoining removal until further notice from the Court. (ECF Nos. 15, 20.) Ramatu R.B. asked ICE and USCIS to review her fear claim and move to reopen her immigration proceedings. (ECF No. 18-1.) A month later, Respondents have taken no action. (ECF No. 27 ¶ 1–3.)

The Court granted the Petition for Writ of Habeas Corpus insofar as it ordered Ramatu R.B.'s release based on an unlawful arrest and revocation of supervised release. (ECF No. 23.) The Court reserved the third-country removal claim. (*Id.* at 7.)

## ANALYSIS

### I. Jurisdiction

Respondents assert that the Court cannot review the third-country removal claim because (1) 8 U.S.C. Section 1252 strips the Court's jurisdiction and (2) Ramatu R.B. is a member of a class action, *D.V.D. v. United States Department of Homeland Security*, 821 F. Supp. 3d 102 (D. Mass. 2026).

#### *A. 8 U.S.C. Section 1252(g)*

According to Respondents, three provisions of 8 U.S.C. Section 1252 bar review. Section 1252(g) strips jurisdiction over claims by noncitizens "arising from the decision or action by the Attorney General to . . . execute removal orders." Despite this broad language, the Court retains jurisdiction over habeas actions presenting a "purely legal question." *Jama v. Immigr. & Nat. Serv.*, 329 F.3d 630, 632 (8th Cir. 2003), *aff'd on other*

*grounds*, 543 U.S. 335 (2005) (resolving the merits without considering Section 1252(g)); *see Silva v. United States*, 866 F.3d 938, 940–41 (8th Cir. 2017) (applying *Jama*). Respondents do not argue that *Jama* does not apply, nor do they argue that the case involves questions of fact rather than "purely legal questions." (ECF No. 12.) To the extent that Respondents implicitly argue that this petition falls outside the *Jama* exception, the Court disagrees. Ramatu R.B.'s third-country removal claims do not require the Court to delve into the facts of her case or the merits of any underlying fear-based claim; the only relevant fact is that she faces third-country removal. *See, e.g.*, *Folashade O. v. Schilling*, No. 26-CV-2705 (LMP/DTS), 2026 WL 1734877, at *4 n.10 (D. Minn. June 16, 2026).

The relevant question—whether Ramatu R.B. has a statutory or constitutional right to be heard on her fear of third-country removal—is a legal question that fits within the exception acknowledged by *Jama.* In *Jama*, the Eighth Circuit considered the petitioner's challenge to the government's construction of a statute, namely whether it was authorized under the INA to remove the petitioner to Somalia without first establishing that Somalia will accept his return. 329 F.3d at 632. Here, as in *Jama*, Ramatu R.B. asks the Court to address whether the INA, FARRA, the CAT, and the Due Process Clause of the Constitution permits Respondents to remove her to Ghana without any opportunity or process to present her fear-based claims. Section 1252(g), therefore, does not strip the Court of jurisdiction to decide that question.

Next, Sections 1252(a)(5) and (b)(9) work together to channel judicial review of immigration proceedings to the court of appeals. Ramatu R.B.'s order of removal designates Sierra Leone, but Respondents are trying to send Ramatu R.B. to Ghana. Ramatu R.B. is not asking for review of the final order of removal; she is asking for an opportunity to be heard by Respondents and an immigration judge on her third-country removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (plurality opinion, joined by

two other justices); *id.* at 355 (Breyer, J., dissenting, joined by two other justices). Section 1252 does not bar jurisdiction. *Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1005–06 (S.D. Tex. 2025).

### *B. D.V.D.*

In *D.V.D.*, the district court granted plaintiffs' motion for summary judgment and required the government to provide notice and an opportunity to be heard before third-country removal. *D.V.D.*, 821 F. Supp. 3d at 167–68. Then, the First Circuit stayed the decision pending appeal. *D.V.D. v. Dep't of Homeland Sec.*, No. 26-1212 (1st Cir. Mar. 16, 2026). The First Circuit affirmed the decision in part, upholding the vacatur relief ordered. *D.V.D. v. Dep't of Homeland Sec.*, --- F.4th ----, 2026 WL 2797801 at *18-20 (1st Cir. Sept. 18, 2026).

Respondents make two arguments. First, Respondents cite the first-to-file rule. But this rule is prudential, discretionary, and yields to the interests of justice. *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993); *see Orthmann v. Apple River Campground*, 765 F.2d 119, 121 (8th Cir. 1985). And there are good reasons to adjudicate the petition now—the class action's declaratory relief currently has no legal effect, and Respondents are trying to remove Ramatu R.B. to a third country now. If the Court applied the rule, and forced Ramatu R.B. to wait for *D.V.D.*, then the government may remove her to Ghana, extinguishing any opportunity for relief. *Sagastizado*, 802 F. Supp. 3d at 1008. The interests of justice require that the Court adjudicate Ramatu R.B.'s petition now, so the Court will not apply the first-to-file rule.

Second, Respondents assert that Ramatu R.B. should not be able to individually litigate her habeas petition because she is a member of the *D.V.D.* class, which does not allow members to opt out. Respondents' strategy is clear: In individual habeas actions,

argue that the claims should be adjudicated in the class action. In the class action, argue that the claims should be adjudicated as an individual habeas action. *Nguyen v. Scott*, 796 F. Supp. 3d 703, 730 (W.D. Wash. 2025). As discussed above, the legal effect of *D.V.D.* is unsettled: If the Court adopted Respondents' position, Respondents could remove Ramatu R.B. before *D.V.D.* is resolved, foreclosing any relief for alleged violations of her due process rights. *Kumar v. Wamsley*, 817 F. Supp. 3d 1059, 1072 (W.D. Wash. 2025). The Court considers the merits of Ramatu R.B.'s claims.

## II. Merits

Ramatu R.B. asserts Respondents violate the Immigration and Nationality Act and the Due Process Clause by removing her to Ghana without an opportunity to invoke protections under the third-country removal statute, the Nationality Act Foreign Affairs Reform and Restructuring Act of 1998, or the United Nations Convention Against Torture.

Last year, DHS changed its third-country removal policy. If a third country has provided diplomatic assurances that people removed to that country would not be persecuted or tortured, a noncitizen may be removed to that country without any procedures or advanced notice. Kristi Noem, *Guidance Regarding Third Country Removals* (Mar. 30, 2025). Ghana has provided diplomatic assurances, and Ramatu R.B. was given two days' notice, which does not allow enough time to adjudicate her fear-based claims.

Respondents address Ramatu R.B.'s statutory claims, but not the due process claim. The failure to address a claim alone warrants relief. *Folashade O.*, 2026 WL 1734877, at *4. But relief is also warranted on the merits.

The Due Process Clause requires "that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in the context of removal proceedings." *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam).

Courts across the country have found that Respondents' procedures for addressing fear-based claims to third-country removal are unconstitutional. *E.g.*, *Kumar*, 817 F. Supp. 3d at 1069–70; *Sagastizado*, 802 F. Supp. 3d at 1008–13; *see Najjar v. Lynch*, 630 Fed. App'x 724 (9th Cir. 2016) (per curiam) ("[L]ast minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country."). No one asked Ramatu R.B. if she had a fear-based claim, and the Court is unsure if Respondents would have provided any notice to Ramatu R.B. and her counsel of removal if the Court had not required it. Adjudicating a fear-based claim takes time, yet Respondents provided a mere two days' notice of their intent to remove Ramatu R.B. to Ghana. *See Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."). And the consequences of Respondents' actions are severe: Ramatu R.B. may be removed to a country where she faces a legitimate fear of torture or persecution. The Court joins the many courts across the country that conclude that Respondents violated Ramatu R.B.'s right to due process by trying to remove her without any opportunity to raise a fear-based claim.

The Court next considers the appropriate remedy. Ramatu R.B. requests that the Court enjoin her removal until she has had an opportunity to pursue a fear-based claim

as to removal to a third country before an immigration judge. Respondents do not have a position on reopening immigration proceedings. (ECF No. 27 ¶ 3.) Because Respondents do not object, and because other courts have ordered similar relief, the Court grants the requested relief. *E.g.*, *Tamrat v. Blanche*, No. 2:26-CV-01529-GJL, 2026 WL 1871887, at *8 (W.D. Wash. June 30, 2026); *D.J.R.R. v. Genalo*, No. 26-CV-3124 (AMD), 2026 WL 1746716, at *9 (E.D.N.Y. June 17, 2026), *appeal docketed*, No. 26-2306 (2d Cir. Aug. 18, 2026).[1]

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED in part:

2. Respondents are ENJOINED FROM removing Petitioner to a third country without notice and a meaningful opportunity to assert a fear-based claim before an immigration judge. Specifically:

    a. Respondents must provide Petitioner with a reasonable fear interview if she states a fear of removal;

    b. If Respondents determine that Petitioner states a reasonable fear of removal to the third country, then Respondents must move to reopen her removal

[1] The Court does not address the remaining claims for relief in the Petition for Writ of Habeas Corpus because the Court has ordered all the relief Ramatu R.B. requests.

proceedings for her to present a claim for withholding of removal or deferral of removal under the CAT to an immigration judge;

c. If Respondents determine that Petitioner does not state a reasonable fear of removal to the third country, then Respondents must allow Petitioner 15 days to file a motion to reopen her removal proceedings before removing her; and

3. The remaining claims in the Petition for Writ of Habeas Corpus (ECF No. 1) are DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 19, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge